UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DUANE HICKMAN, | No. 2:19-cv-1725 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MATT CHISHOLM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are plaintiff's objections to the undersigned's findings and recommendations issued October 17, 2019. (See ECF Nos. 7, 8). For the reasons stated herein, the undersigned shall vacate those findings and recommendations and instead recommend that this action be dismissed without leave to amend for failure to state a claim upon which relief may be granted.

**I.    RELEVANT PROCEDURAL HISTORY**

On October 17, 2019, the undersigned reviewed this court's docket and found that the claim in the instant complaint was identical to those in the earlier filed Hickman v. Chisholm, No. 2:19-cv-1254 TLN AC P ("Hickman I"), which was recently dismissed for failure to state a claim

1

upon which relief may be granted. (ECF No. 7 at 1). It was further determined that the claim in the instant complaint was also identical to the one in the subsequently filed Hickman v. Chisholm, No. 2:19-cv-1828 KJM AC P ("Hickman III"), which was also recently dismissed as duplicative of Hickman I. (See id.). As a result, it was recommended that this action be dismissed as duplicative of both Hickman I and Hickman III. (See id.). Plaintiff was given fourteen days to file objections to these findings and recommendations. (See id.).

On October 28, 2019, plaintiff filed objections to the findings and recommendations. (ECF No. 8). The undersigned considers those objections herein.

## II. DISCUSSION

In plaintiff's objections to the undersigned's findings and recommendations, plaintiff argues that the claim in the instant action is not duplicative of those in Hickman I and Hickman III because unlike those cases, which argued that his rights were being violated under the Fourteenth Amendment when the prosecutor proffered false evidence at trial which, in turn, led to his conviction, the instant action argues that his rights have been violated under the Fourth Amendment. Specifically, plaintiff contends that as a result of the prosecutor presenting false evidence at trial, he was convicted and is now being falsely imprisoned in violation of it. (See ECF No. 8).

At its core, plaintiff's argument is a technical one which does not change the ultimate outcome of a recommended dismissal. To the extent plaintiff asserts different violations of right in all three cases which stem from a singular act, namely, the prosecution's alleged proffer of false evidence, in the interests of judicial economy, those claims should have been brought in one action, not three.

More importantly, to the extent plaintiff argues that he is being falsely imprisoned in the instant action (see ECF No. 1 at 3), ultimately, he is contesting his conviction and/or sentence. A Section 1983 complaint is not the appropriate pleading for such claims. Such claims must be brought in a habeas action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating sole federal remedy to challenge to fact or duration of confinement is writ of habeas corpus). Plaintiff appears to be aware of this fact to some degree, given that he has filed a habeas petition in this court

which is currently under review. See Hickman v. People of the State of California, No. 2:18-cv-2967 KJM CKD P. Thus, converting this matter to a habeas action is not warranted, either.

Finally, the instant action asks for monetary damages for false imprisonment on a conviction and sentence that plaintiff is currently serving. (See ECF No. 1 at 6). A prisoner may not pursue a Section 1983 action for civil damages for a conviction or sentence without proof that the conviction or sentence has been reversed, expunged or invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Plaintiff is currently serving the sentence for his conviction. Thus, neither plaintiff's conviction nor his sentence have been reversed, expunged or invalidated. Consequently, plaintiff's request for money damages on the grounds of false imprisonment is premature.[1]

For these reasons, the undersigned finds that the complaint fails to state a cognizable civil rights claim under 42 U.S.C. § 1983 and that amending it would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY ORDERED that the undersigned's findings and recommendations issued October 17, 2019 (ECF No. 7) are VACATED.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be DISMISSED without leave to amend for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

---

[1] The undersigned need not and does not reach the question of whether named defendants Chisholm, a deputy district attorney, and the County of Sacramento would be liable for monetary damages in this matter.

3

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hick1725.obj.vac.f&r